IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LUCIA GONZALEZ-MAJANO, AND JOAQUIN HERNANDEZ<br>　　　Plaintiff,<br>vs.<br><br>UNITED STATES,<br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)　Civil Action No.:<br>)<br>) |

# COMPLAINT & JURY CLAIM

## PARTIES

1. The Plaintiff, Lucia Gonzalez-Majano, is an adult resident of Massachusetts residing at 10 Lamson Court, East Boston, Suffolk County, Massachusetts.

2. The Plaintiff, Joaquin Hernandez, is an adult resident of Massachusetts, residing at 10 Lamson Court, East Boston, Suffolk County, Massachusetts.

3. The Defendant, United States, is sued for Plaintiffs injuries caused by the negligent or wrongful acts or omissions of its employees.

## JURISDICTION & VENUE

4. Plaintiff hereby realleges and incorporates herein paragraphs 1-3.

5. This action is brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(B), 2671 *et seq.*, against the United States, which vest exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

6. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b)(1) and/or 1391(b)(2) because the United States is a defendant and Plaintiffs reside in the District of Massachusetts.

## FACTS

7. Plaintiff hereby realleges and incorporates herein paragraphs 1-6.

8. At all times pertinent in this action, Cambridge Street, Massachusetts, was and still is a public way.

9. On or about March 28, 2019, the Plaintiff, Joaquin Hernandez, owned and operated a motor vehicle on Cambridge Street, Boston, Massachusetts.

10. On or about March 28, 2019, the Plaintiff, Lucia Gonzalez-Majano, was the passenger in the motor vehicle operated by Plaintiff, Joaquin Hernandez, on Cambridge Street, Boston, Massachusetts.

11. On or about March 28, 2019, Robert Litwinsky, was an employee, agent, or servant of the U.S. Department of Veteran Affairs.

12. At all relevant time, the Defendant, United States, acted through its agency, the U.S. Department of Veteran Affairs.

13. On or about March 28, 2019, Robert Litwinsky, operated a vehicle on behalf of the Defendant, United States, through its agency, Department of Veteran Affairs and in his capacity as an employee of the Department of Veteran Affairs.

14. On or about March 28, 2019, the Defendant, Robert Litwinsky, acting within the scope of his employment with the Department of Veteran Affairs, so negligently and carelessly operated a motor vehicle on Cambridge Street, Boston, Massachusetts, that by reason thereof an accident was caused.

15. On or about March 28, 2019, the Plaintiff was operating his vehicle on Cambridge Street when Robert Litwinsky, crossed into Plaintiff's lane and hit the Plaintiff's vehicle.

16. On or about March 28, 2019, Robert Litwinsky failed to operate the motor vehicle in a reasonably safe and prudent manner, resulting in injury to the Plaintiff.

17. Under these circumstances, the Defendant, United States, if a private person, would be liable to the Plaintiffs in accordance with the laws of the Commonwealth of Massachusetts. See 28 U.S.C. § 1346(b).

18. Pursuant to 28 U.S.C. § 2675, Plaintiff, Lucia Gonzalez-Majano's claim was presented to the appropriate agency of the Defendant, United States, namely the Department of Veteran Affairs on or about January 21, 2020.

19. On or about March 18, 2020, the Plaintiff, Lucia Gonzalez-Majano received a denial letter regarding her Administrative Tort Claim.

20. Pursuant to 28 U.S.C. § 2675, Plaintiff, Joaquin Hernandez's claim was presented to the appropriate agency of the Defendant, United States, namely the Department of Veteran Affairs on or about January 21, 2020.

21. On or about March 18, 2020, the Plaintiff, Joaquin Hernandez received a denial letter regarding his Administrative Tort Claim.

## COUNT I – NEGLIGENCE
### Lucia Gonzalez-Majano v. United States.

22. The Plaintiff realleges and thereby incorporates herein by reference paragraphs 1-21.

23. The Defendant owed a duty of care to the Plaintiff.

24. The Defendant breached that duty of care by its employee, agent, servant, or someone acting on its behalf failing to drive in a reasonable and safe manner.

25. The breach of the duty referenced above constitutes negligence.

26. As a direct and proximate cause of the negligent operation of a motor vehicle by the Defendant, their agents, servants, or employees, the Plaintiff suffered damages and incurred medical bills and expenses, and further underwent significant pain and suffering.

27. Plaintiff had medical bills in excess of $2,000.00, in accordance with the provisions of M.G.L. c. 231 Section 6D.

## COUNT II – NEGLIGENCE
### Joaquin Hernandez v. United States

28. The Plaintiff realleges and thereby incorporates herein by reference paragraphs 1-27.

29. The Defendant owed a duty of care to the Plaintiff.

30. The Defendant breached that duty of care by its employee, agent, servant, or someone acting on its behalf failing to drive in a reasonable and safe manner.

31. The breach of the duty referenced above constitutes negligence.

32. As a direct and proximate cause of the negligent operation of a motor vehicle by the Defendant, their agents, servants, or employees, the Plaintiff suffered damages and incurred medical bills and expenses, and further underwent significant pain and suffering.

33. Plaintiff had medical bills in excess of $2,000.00, in accordance with the provisions of M.G.L. c. 231 Section 6D.

WHEREFORE, the Plaintiffs demands judgment against the Defendant; that damages be awarded and the Plaintiffs be awarded same, along with costs, interest and reasonable attorney's fees.

JURY CLAIM: the Plaintiffs in the above referenced matter demand a right to a trial by jury.

By Plaintiffs' attorney,

/s/ James Ostendorf

DANE SHULMAN ASSOCIATES, LLC
James Ostendorf, Esq. BBO# 687579
Steven Procopio, Esq. BBO# 703833
1629 Blue Hill Avenue
Mattapan, MA  02126
(617) 298-2500 (T)
(617) 298-3059 (F)
jostendorf@daneshulman.com
sprocopio@daneshulman.com